ANDERSON v. SCHUST CO.

1. Appeal and Error—Directed Verdict.

In reviewing judgment for defendant on directed verdict, testimony must be construed in its light most favorable to plaintiff.

2. Motor Vehicles—Liability of Owner—Express or Implied Consent—Statutes.

To render owner of motor vehicle liable for negligence of driver, vehicle must be driven with express or implied consent or knowledge of owner (1 Comp. Laws 1929, § 4648).

3. Master and Servant—Liability of Master—Scope of Authority—Apparent Scope of Authority.

As between master and servant, master is liable for injury to servant only when latter acts within actual scope of his authority, but as between master and third persons injured by servant, master is liable when servant acts within apparent scope of his authority.

4. SAME—LIABILITY WHEN SERVANT ACTING CONTRARY TO INSTRUCTIONS.

Servant may be within scope of his employment even though conducting master's business in manner contrary to his instructions.

5. SAME—LIABILITY FOR POSITIVE WRONG INTENTIONALLY DONE BY SERVANT.

For positive wrong by servant beyond scope of master's business intentionally or recklessly done, master may not be held liable; such acts being personal torts of servant for which master is not responsible.

6. SAME—LIABILITY FROM EXCESS OF AUTHORITY OF SERVANT.

When wrong arises from excess of authority of servant in furthering master's interest, and master receives benefit, if any, of act, master is liable; liability not being dependent on limit of servant's authority.

7. SAME—WHEN MASTER'S CONSENT IMPLIED.

Where servant's act in driving automobile at time third person was injured was against master's instructions, master's assent may be implied only if servant was acting within apparent scope of his authority (1 Comp. Laws 1929, § 4648).

8. SAME—"SCOPE OF AUTHORITY" DEFINED.

"Within scope of employment" or "within scope of authority of master" means while engaging in master's service or being about master's business.

9. SAME—MOTOR VEHICLES—LIABILITY OF MASTER—STATUTES.

Where, at time third person was struck, automobile was being driven by servant for his own pleasure by consent of branch manager in violation of master's instructions that cars be used only in master's business, master is not liable; act of servant not being in service of master or furthering master's interest (1 Comp. Laws 1929, § 4648).

Appeal from Saginaw; Browne (Clarence M.), J. Submitted January 17, 1933. (Docket No. 47, Calendar No. 36,948.) Decided March 2, 1933. Rehearing denied May 16, 1933.

Case by Irene Anderson, administratrix of the estate of H. Firth Anderson, deceased, against the

Schust Company, a Michigan corporation, for personal injuries received in an automobile collision resulting in death of plaintiff's decedent, alleged to be due to defendant's negligence. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*O'Keefe & O'Keefe* and *Victor C. Anderson,* for plaintiff.

*Crane & Crane, L. J. Carey, George J. Cooper,* and *Frank A. Rockwith,* for defendant.

POTTER, J. Plaintiff, administratrix of the estate of H. Firth Anderson, deceased, brought suit against the Schust Company to recover damages for the death of plaintiff's decedent. From a judgment for defendant, plaintiff appeals. Judgment having been directed for defendant by the trial court, the testimony introduced must be construed in its light most favorable to plaintiff.

The only question involved is whether such testimony was sufficient, in law, to make it incumbent upon the trial court to submit the case to the jury. Plaintiff says it was sufficient. Defendant claims it was insufficient. Defendant's car was being driven by Merle J. Bowman, who worked for defendant in Grand Rapids. Edward J. Rohring of Grand Rapids had charge of the Schust agency there. He had been instructed by defendant to use its cars only in the company's business. Rohring, then branch manager at Grand Rapids, told Bowman he could take the car on the occasion in question and drive to Pinconning. It was on this trip the accident occurred. The court found the clear, undisputed, and uncontradicted proof on the part of plaintiff showed the car of defendant was being driven at the time and place of the collision by Mr. Bowman, an employee

of defendant, for his own pleasure or business, and not in the business of defendant, nor within the scope of his employment as an employee of defendant. Though he was driving defendant's car with the express consent of Mr. Rohring, defendant's branch manager, it was against the positive orders and instructions of defendant to its branch manager Mr. Rohring, who violated such orders and instructions given him, in permitting Bowman to drive the car for his own pleasure and business; that Rohring as branch manager was not acting in the scope of his authority or in furtherance of the business of defendant in loaning defendant's car to Bowman, and therefore the car was not being driven with the consent of the defendant, either express or implied, and plaintiff could not recover.

It is conceded defendant cannot be held liable unless the motor vehicle driven by Bowman was driven with the express or implied consent or knowledge of defendant. 1 Comp. Laws 1929, § 4648. There is no claim the motor vehicle was being driven with the express consent or knowledge of defendant. The important question is whether it was being driven with its implied knowledge or consent.

As between the master and servant, the master is liable only when the servant acts within the actual scope of his authority, but as between defendant and third persons injured by the acts of the servant, defendant may be liable when the servant is acting within the apparent scope of his authority.

A servant may be within the scope of his employment even though conducting his master's business in a manner contrary to his instructions (*Loux* v. *Harris*, 226 Mich. 315); and therefore it is frequently held a defendant is liable for accidents caused by the operation of a motor vehicle used by

his servant in going to and from his work, upon the theory the servant is engaged in the master's business. The true rule is that for a positive wrong by a servant beyond the scope of the master's business intentionally or recklessly done, the master cannot be held liable. Such acts may constitute personal torts of the servant, but the master is not responsible. When, however, the wrong arises from an excess of authority, in furthering the master's interest, and the master receives the benefit of the act, if any, the master may be liable because liability does not depend upon the limit of the servant's authority. *Chicago & Northwestern R. Co.* v. *Bayfield,* 37 Mich. 205 (16 Am. Neg. Cas. 87). An assent may only be implied if Bowman's act was against the instructions of defendant and if Bowman was acting within the apparent scope of his authority.

Within the scope of employment or within the scope of the authority of the master means while engaging in the service of the master or being about the master's business. *Eberle Brewing Co.* v. *Briscoe Motor Co.,* 194 Mich. 140. There is no question but that Mr. Rohring had instructions the motor vehicles of defendant were to be used only in the business of the defendant, and were not to be used for private purposes. Mr. Bowman, after obtaining consent of Mr. Rohring, the branch manager of defendant at Grand Rapids, to use the motor vehicle in question to go to Pinconning to visit his father, was not acting within the scope of his employment in his master's business, was not engaged in the service of the defendant, but was engaged in his own personal business or pleasure. Defendant cannot be held liable for the acts of Mr. Bowman when engaged in pursuing his own business or pleasure. It can only be held liable for the acts of Mr. Bowman if

he was engaged in the service of the defendant furthering its interest or about its business when the accident occurred. Under the undisputed facts, Mr. Bowman was not so engaged at the time of the accident, and therefore cannot be held to have been operating defendant's motor vehicle with its implied knowledge or consent. We think the trial court correct in directing a verdict for defendant.

Judgment affirmed, with costs.

McDONALD, C. J., and CLARK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.