## BROSS v. CITY OF DETROIT.

1. Master and Servant—Workmen's Compensation Act—Municipal Corporations—Waiver—Pensions—Common-Law Action.

   Where injured city fireman waived provisions of workmen's compensation act for purpose of securing pension under city ordinance, he was bound by other provisions of said act, and could not maintain common-law action against city, since he was not entitled to both remedies (2 Comp. Laws 1929, §§ 8410, 8413, 8436).

2. Same—Right of Action Against Third Party.

   Nor could he maintain said action on theory· that, said injuries having been caused by collision with street car, and that, in operating street railway system as private ·enterprise, which is function distinct from that in which he was employed, city was "some person other than the employer," within meaning of 2 Comp. Laws 1929, § 8454.

3. Same—Workmen's Compensation Act Applies to City Operating Street Railway System:

   Claim that where city is operating street railway system as private enterprise, workmen's compensation act has no application, held, without merit.

Appeal from Wayne; Moll (Lester S.), J. Submitted January 4, 1933. (Docket No. 4, Calendar No. 36,748.) Decided April 4, 1933.

Case by George Bross, city fireman, against City of Detroit, a municipal corporation, for personal injuries alleged to be due to negligence in operation of defendant's street railway. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Colombo, Colombo & Colombo,* for plaintiff.

*Raymond J. Kelly* and *James S. Shields,* for defendant.

McDonald, C. J. The plaintiff was injured in a collision between a hook and ladder truck which he was driving and a street car at the intersection of Harper and Concord avenues in the city of Detroit, Michigan. At the time of the accident he was an employee of the city fire department. The street railway system is owned and operated by the city. The injuries received by the plaintiff were permanent. He made application for retirement under the provisions of the city ordinance, and was retired on pension at half pay. The pension has since been paid regularly at a monthly rate of $105 and accepted by the plaintiff in lieu of compensation under the workmen's compensation statute (2 Comp. Laws 1929, § 8407 *et seq.*). Though receiving the pension, he claims the right to maintain this common-law action against his employer for damages. The trial court thought otherwise, and for that reason directed a verdict in favor of the defendant. The plaintiff has appealed.

Both parties were under the provisions of the compensation statute. As originally enacted, an

agreement by the employee to waive compensation was declared to be invalid. 2 Comp. Laws 1915, § 5450. Because he could not waive compensation, an employee of a city which had adopted a pension system might recover both compensation and pension for the same injury. To remedy this situation the legislature, by Act No. 173, Pub. Acts 1921, amended the law by adding a proviso in substance that the employee might waive his right to compensation and accept a pension in lieu thereof, but could not have both. 2 Comp. Laws 1929, §§ 8413, 8436.

The first theory advanced by the plaintiff is stated in his brief as follows:

"Plaintiff had the right to waive the provisions of the workmen's compensation act and accept a pension in lieu thereof. When he waived the provisions of said act he was no longer subject to any provision of said act. Having voluntarily placed himself beyond the workmen's compensation act, he had the same rights and privileges that any other person had, to wit, the right to sue the party responsible for the accident."

We cannot accept this theory as a basis of recovery. The plaintiff was bound by the provisions of the act. So was the city, his employer. When he waived his right to compensation for the purpose of securing a pension, he did not thereby release himself from other provisions of the act. Prior to accepting the pension, he had two remedies, each for the same wrong. He had a right to compensation or to a pension. He could not have both. He could not maintain a common-law action for damages against his employer, for his right to maintain such action was taken from him by the statute, 2 Comp. Laws 1929, § 8410. Having elected to be bound by the statute, he is not entitled to a remedy which it has abolished.

But the plaintiff claims if he is still bound by the provisions of the act he is entitled to maintain his suit at law under authority of 2 Comp. Laws 1929, § 8454, which reads:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in *some person other than the employer* to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages, or against the employer for compensation under this act, but not against both, and if compensation be paid under this act the employer may enforce for his benefit or for that of the insurance company carrying such risk, or the commissioner of insurance, as the case may be, the liability of such other person."

It is contended by the plaintiff that, as the city of Detroit owned and operated its street railway system, the agency that caused his injury, which was a function distinct from that in which he was employed, the city was "some person other than the employer," within the meaning of the above-quoted provision of the statute.

No authorities are cited by the plaintiff to support this contention. It is too plainly untenable to require argument. Nor is there any merit to the claim that because the city was operating a street railway system as a private enterprise the workmen's compensation law has no application.

We find no error.

The judgment is affirmed, with costs to the defendant.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.