JONES *v.* BOUZA.

1. WORKMEN'S COMPENSATION—FELLOW EMPLOYEES.

Legislature, in workmen's compensation act, intended to abolish all common-law rights of action against one's fellow employees for job-related injuries (CLS 1961, § 413.15).

2. SAME—MALPRACTICE—FELLOW EMPLOYEE.

Fact that injuries caused by the negligent acts of a fellow employee give rise to a common-law action with the special name "malpractice" when fellow employee is a physician does not eliminate it from class of injury actions for which workmen's compensation has been made the exclusive remedy (CLS 1961, § 413.15).

3. STATUTES—CONSTRUCTION OF STATUTES—PLAIN MEANING.

Judges should give effect to plain words of a statute since it is difficult to determine which words are intended to effectuate broad purposes of act and which are inserted by legislature as intended compromise of the broader purpose.

REFERENCES FOR POINTS IN HEADNOTES
[1–5] 41 Am Jur, Physicians and Surgeons § 136; 58 Am Jur, Workmen's Compensation §§ 20, 61, 331.

4. WORKMEN'S COMPENSATION—CONSTITUTIONAL LAW—FELLOW EM-
    PLOYEES—CLASSIFICATION.

> The distinction between fellow employees of workmen's compen-
> sation claimant and outside contractors can constitutionally
> be made the basis of different treatment of them under work-
> men's compensation act by allowing to injured employees a rem-
> edy in tort against outside contractor without requiring election
> between tort action and workmen's compensation, but making
> workmen's compensation the sole remedy where the injury is
> caused by a fellow employee (CLS 1961, § 413.15).

5. SAME—STAFF PHYSICIAN—NEGLIGENCE.

> Staff physician, a full-time fellow employee of an injured em-
> ployee, *held,* not liable to injured employee for negligent
> treatment of injuries in the course of employment where in-
> jured employee received workmen's compensation benefits
> (CLS 1961, § 413.15).

Appeal from Court of Appeals, Division 1, Lesin-
ski, C. J., J. W. Fitzgerald, and J. H. Gillis, JJ., af-
firming Wayne, Fitzgerald (Neal), J. Submitted
June 11, 1968. (Calendar No. 1, Docket No. 51,882.)
Decided September 25, 1968.

7 Mich App 561, affirmed.

Complaint by Hoyt Jones and Bessie Jones
against Manuel A. Bouza for personal injuries re-
ceived by Hoyt Jones and loss of consortium suf-
fered by Bessie Jones as a result of alleged mal-
practice by defendant. Summary judgment for de-
fendant. Judgment affirmed by Court of Appeals.
Plaintiff appeals. Affirmed.

*Yoe, Casey & Moore,* for plaintiffs.

*Alexander, Buchanan & Conklin,* for defendant.

T. E. BRENNAN, J. Defendant, Manuel A. Bouza,
was, on April 16, 1964, a full-time, salaried employee
of Ford Motor Company. He was a staff physician

for that company. On the same date plaintiff, Hoyt Jones, was a full-time employee of Ford Motor Company. He worked on the assembly line. On the morning of April 16, 1964, plaintiff came into the first aid room at the Wayne assembly plant. He complained of pain in his hip, back, and side.

Defendant examined plaintiff, gave him some pain tablets and a heat treatment, and sent him back to work. Plaintiff returned to work. Later the same day he became partially paralyzed and was taken by ambulance to a nearby hospital. Plaintiff was found to have a serious back condition for which he has been receiving workmen's compensation benefits.

The circuit judge granted summary judgment in defendant's favor and the Court of Appeals affirmed. The basis for the summary judgment below is found in CLS 1961, § 413.15 (Stat Ann 1960 Rev § 17.189). It says:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person *other than a natural person in the same employ* or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section." (Emphasis supplied.)

Two issues are raised.

### 1. LEGISLATIVE INTENT.

Plaintiff argues that the legislature did not intend to abolish plaintiff's common-law right of action against a treating physician for malpractice.

This Court has held that the legislature, by the quoted portion of the workmen's compensation act, intended to abolish all common-law rights of action against one's fellow employees, for job-related injuries. *Sergeant* v. *Kennedy* (1958), 352 Mich 494.

The fact that a common-law action has a special name—"malpractice"—does not eliminate it from the class of injury actions for which workmen's compensation has been made the exclusive remedy.

If the malpractice of a fellow employee, no less than any other negligence of a fellow employee, gives rise to a compensable injury, then workmen's compensation stands as the sole recourse.

Plaintiff argues that this result runs contrary to the philosophy of the compensation law, quoting text writers and cases. An important piece of legislation enacted by elected representatives of the people is seldom philosophically cohesive. The give and take of the legislative process and the divergent views of legislators dictate that almost every statute which reaches the governor's desk is brimming with compromise.

It is difficult for judges to determine which words of a statute are intended by the legislature to effectuate the broad philosophy of the proponents of the measure and which words are deliberately inserted by the legislature as intended compromise of the broader purpose.

That being so, judges are better advised to read it like it is—and give effect to the plain words that the legislature has used.

## 2. CONSTITUTIONALITY.

Plaintiff argues further that the holding below makes the compensation act unconstitutional as a denial of equal protection of the laws.

The gist of the argument is that some employers hire full-time staff physicians and some employers use outside physicians and clinics for the same purpose, *i.e.*, to discharge the employer's obligation to supply medical care for those injured on the job.

Plaintiff argues that a plaintiff's right to compensation for malpractice cannot be made to depend upon so fortuitous a circumstance as the fact that he works for a company which has enough employees to warrant the employment of a full-time staff physician. The same argument can be made with reference to injuries caused by any fellow employee whose job is sometimes done by outside contractors.

Suffice it to say that there is a real and a legal distinction between employees and outside contractors, and this distinction can constitutionally be made the basis for different treatment of them under the workmen's compensation act.

Affirmed. Costs to the defendant.

DETHMERS, C. J., and KELLY, BLACK, T. M. KAVANAGH, O'HARA, and ADAMS, JJ., concurred.