WILSON v AL-HURIBI

1. WORKMEN'S COMPENSATION—THIRD PARTY LIABILITY—FELLOW EM-
   PLOYEES—COURSE OF EMPLOYMENT—EXEMPTIONS FROM LIABIL-
   ITY.

   The phrase "natural person in the same employ" as used in the
   third-party tortfeasor section of the Workmen's Compensation
   Act has been construed to require that the employee be in the
   course of his employment at the time of the injury in order for
   the statutory bar to operate (MCLA 418.827).

2. AUTOMOBILES—OWNER'S LIABILITY—STATUTES—WORKMEN'S COM-
   PENSATION.

   An action against the owner of a motor vehicle based upon the
   owner's civil liability statute is not precluded even though an
   action against the driver of the vehicle is barred by the Work-
   men's Compensation Act (MCLA 257.401, 418.827).

3. AUTOMOBILES—OWNER'S LIABILITY—STATUTES—WORKMEN'S COM-
   PENSATION—FELLOW EMPLOYEES—TORTS—EXEMPTIONS FROM LI-
   ABILITY—CONSTRUCTION.

   Resolution of a driver's status as a coemployee of a party injured
   in an automobile accident with the resultant tort immunity
   provided by the Workmen's Compensation Act does not control
   the question of the owner's employee status or his possible civil
   liability under the owner's civil liability statute; this question
   must be answered separately, and immunity from liability
   should be given a strict construction (MCLA 257.401, 418.827).

4. WORKMEN'S COMPENSATION—AUTOMOBILES—THIRD-PARTY TORTFEA-
   SOR—COURSE OF EMPLOYMENT—EXEMPTIONS FROM LIABILITY—
   STATUTES.

   An action brought by a plaintiff who was injured in an automo-

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 58 Am Jur, Workmen's Compensation §§ 5, 212.
   53 Am Jur 2d, Master and Servant §§ 426–440.
[2, 3] 58 Am Jur, Workmen's Compensation § 7.
   8 Am Jur 2d, Automobiles and Highway Traffic § 645.
   Liability of owner of automobile for negligence while it is being
   operated by another with his consent as affected by immunity of
   the operator (or his employer) from liability or action. 152 ALR
   1058.

bile accident in a collision with a car driven by a coemployee against the defendant owner of that other vehicle is not barred by the third-party tortfeasor section of the Workmen's Compensation Act unless the defendant owner was acting in the course of his employment (MCLA 418.827).

Appeal from Wayne, Neal Fitzgerald, J. Submitted Division 1 June 26, 1974, at Detroit. (Docket No. 18668.) Decided August 15, 1974.

Complaint by Annie Wilson against Mohamed Abdul-Rub Al-Huribi and Nasser M. Yafai for damages for injuries received in an automobile accident. Summary judgment for defendants. Plaintiff appeals as to defendant Yafai. Reversed and remanded for trial.

*Blum, Graber, Meklir & Rosenberg, P. C.,* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Lawrence R. Donaldson* and *John P. Jacobs),* for defendants.

Before: BASHARA, P. J., and DANHOF and CHURCHILL,* JJ.

DANHOF, J. On December 22, 1971, while in the parking lot of the Chrysler Corporation Hamtramck Assembly Plant, plaintiff was struck by an automobile driven by defendant Al-Huribi and owned by defendant Yafai. Plaintiff and both defendants[1] were fellow employees at the plant. The parties are in agreement that plaintiff and defendant Al-Huribi were in the course of their employ-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Shortly before oral argument in this case, the parties stipulated to the dismissal of defendant Mohamed Abdul-Rub Al-Huribi from this appeal with prejudice and without costs. This appeal continues as to defendant Nasser M. Yafai alone.

ment at the time of the accident. There is no such agreement as to defendant Yafai.

Plaintiff applied for workmen's compensation benefits, and she also brought suit against the defendants. Defendants moved for a summary judgment, GCR 1963, 117.2(1), on the ground that suit was barred by the exclusivity provisions of the Workmen's Compensation Act, MCLA 418.131; MSA 17.237(131). At a hearing on the motion, plaintiff conceded that the suit against Al-Huribi was barred because it was clear he was in the course of his employment at the time of the accident. As to defendant Yafai, plaintiff argued that her action, based on the owner's civil liability statute, MCLA 257.401; MSA 9.2101, was not barred because it was not alleged or shown that he was in the course of his employment. On October 22, 1973, a summary judgment of no cause for action was entered in favor of the defendants. Plaintiff appeals as to defendant Yafai alone.

Central to the present controversy is the third-party tortfeasor section of the Workmen's Compensation Act, MCLA 418.827; MSA 17.237(827) which provides in relevant part:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies but the injured employee or his dependents or personal representative may also proceed to enforce the liability of the third party for damages in accordance with the provisions of this section."

The phrase "natural person in the same employ" as used in this statute has been construed to

require that the employee be in the course of his employment at the time of the injury in order for the statutory bar to operate. *Helmic v Paine,* 369 Mich 114, 119; 119 NW2d 574, 576 (1963); *Fidelity & Casualty Co v DeShone,* 384 Mich 686, 691–693; 187 NW2d 215, 217, 218 (1971).

Plaintiff's action against defendant Yafai is predicated upon the owner's civil liability statute, MCLA 257.401; MSA 9.2101. It is now firmly established that an action based upon this statute is not precluded even though an action against the driver is barred by MCLA 418.827; MSA 17.237(827). *Dale v Whiteman,* 388 Mich 698; 202 NW2d 797 (1972); *Ladner v Vander Band,* 376 Mich 321; 136 NW2d 916 (1965).

These cases also established the principle that the owner's liability under the statute is nonderivative. *Frazier v Rumisek,* 358 Mich 455; 100 NW2d 442 (1960). Hence, resolution of the driver's status as a coemployee with the resultant tort immunity provided by MCLA 418.827; MSA 17.237(827) does not control the question of the owner's employee status or his possible civil liability under MCLA 257.401; MSA 9.2101. This question must be answered separately, remembering that "an immunity from liability should be given a strict construction". *Mathews v Wosek,* 44 Mich App 706, 712; 205 NW2d 813, 816 (1973).

Nothing in the defendants' answer to the complaint, or in the affidavit in support of the motion for summary judgment, indicates whether or not defendant Yafai was in the course of his employment either when he allowed defendant Al-Huribi to use his automobile or when the accident occurred. Nevertheless, the trial court determined that the plaintiff's action against defendant Yafai was barred by § 827 of the Workmen's Compensation Act. In so doing, the trial court erred.

The plaintiff's action would not be barred by the statute unless defendant Yafai was acting in the course of his employment. There is less in the present case to indicate that the defendant was so acting than there was in *Brooks v Fields,* 375 Mich 667, 670; 135 NW2d 346, 347 (1965), in which the Supreme Court concluded:

"Aside from pleading such conclusion as an affirmative defense, denied by plaintiffs, there was nothing before the trial court, not even an affidavit, from which such a finding could be made even if it were then appropriately the function of the judge to make such findings. Under such circumstances, summary judgment as provided for by GCR 1963, 117, should not have been entered."

This deficiency cannot be remedied by the statutory presumption created by MCLA 418.301; MSA 17.237(301) because there was no showing that defendant Yafai was going to or coming from work or that he was on his employer's premises at the time of the accident. Defendant's reliance on *Threet v Pinkston,* 20 Mich App 39; 173 NW2d 731 (1969), is misplaced. In that case, the defendant owner had already reported for work. Thus, there was no doubt that he was in the course of his employment and that he came within the immunity provisions of the statute.

Reversed and remanded for trial. No costs, the construction of a statute being involved.

All concurred.