HERNDON v UAW LOCAL NO 3

1. WORKMEN'S COMPENSATION—ASSAULT—WORKMEN'S COMPENSATION
   ACT—PERSONS IN SAME EMPLOYMENT—EXEMPTION FROM LIABIL-
   ITY.

   The processing of grievances by a union steward is an activity
   which is in the interest of the employer in that it provides a
   method for orderly resolution of labor-management disputes;
   therefore a steward so engaged when he assaulted another
   employee was a "natural person in the same employ" within
   the meaning of the Workmen's Compensation Act and conse-
   quently he is exempt from personal liability under that act
   (MCLA 418.827[1]).

2. PRINCIPAL AND AGENT—UNION STEWARDS—LOCAL UNION—INTER-
   NATIONAL UNION—SCOPE OF AGENCY—ASSAULT—DISPUTED
   QUESTION OF FACT—SUMMARY JUDGMENT.

   The questions of whether a union steward was acting as an agent
   of the local and international unions at the time he assaulted a
   plaintiff employee who was in the steward's office for the
   purpose of filing a grievance, and whether the assault was
   within the scope of the agency, are questions of fact which
   preclude a summary judgment for defendant unions when such
   facts have been disputed.

Appeal from Wayne, Thomas J. Brennan, J.
Submitted Division 1 June 5, 1974, at Detroit.
(Docket No. 18425.) Decided November 7, 1974.
Leave to appeal applied for.

Complaint by George Herndon against UAW
Local No. 3, Calvin Hopkins, and International
Union, United Automobile, Aerospace and Agricul-
tural Implement Workers of America, for damages
for assault. Summary judgment for defendants.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 48 Am Jur 2d, Labor and Labor Relations §§ 324–326.

Plaintiff appeals. Affirmed in part, reversed in part, and remanded.

*Schurgin, Katkowsky & Rosenberg,* for plaintiff.

*Joseph Rubin,* for defendant UAW Local No. 3.

*Rothe, Mazey & Mazey, P. C.* (by *Aryon Greydanus*), for defendant Calvin Hopkins.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P. C.* (by *John J. Lynch*), for defendant International Union, UAW.

Before: BRONSON, P. J., and GILLIS and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. It is undisputed that plaintiff was assaulted by defendant Calvin Hopkins, chief union steward at the Huber Avenue foundry of the Chrysler Corporation. The assault took place in Hopkins' office at said plant while plaintiff was in the office for the purpose of filing a grievance. Plaintiff thereafter commenced this action for assault against Hopkins personally and against both defendant plant UAW local and the international UAW on the theory of *respondeat superior.* All three defendants moved for summary judgment dismissing plaintiff's complaint. The trial court granted each defendant's motion for summary judgment, and plaintiff now appeals as of right.

As to defendant Hopkins, the trial court held that Hopkins and plaintiff were both employees of Chrysler Corporation and thus the sole avenue of recovery with respect to Hopkins personal liability

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

was the exclusive remedy provided by the Workmen's Compensation Act.[1] The sole question on appeal with respect to Hopkins is thus whether a union steward, while performing his duty of processing grievances, is a "natural person in the same employ" within the meaning of MCLA 418.827(1); MSA 17.237(827)(1).

The labor-management agreement between Chrysler and the UAW provides that the employees in each district shall be represented by a chief steward "who shall be a regular employee having seniority and working in the district". The agreement further provides that the chief steward shall be paid by Chrysler, shall be provided with an office by Chrysler and shall be subject to the supervision of the foreman of any department he enters.

It is well settled that MCLA 418.827(1), *supra,* exempts from liability all fellow employees carrying on the activities of the employer, regardless of what those activities may be. See *Fidelity & Casualty Co of New York v DeShone,* 384 Mich 686; 187 NW2d 215 (1971). Plaintiff however argues that since Hopkins' function was to process grievances, Hopkins was not carrying on the activities of Chrysler and thus was not a natural person in the same employ within the meaning of MCLA 418.827(1), *supra.*

We feel that plaintiff has placed an unnecessarily restrictive definition upon what is meant by the concept of carrying on the activities of the employer. While in the narrow sense the processing of grievances can be viewed as being contrary to the carrying on of the activities of the employer, the better rationale would be to view the processing of grievances as being an integral part of the

---

[1] Plaintiff also made a workmen's compensation claim and received an award for injuries arising out of the assault.

labor-management process. Clearly, viewed in this light, the processing of grievances by a chief union steward is an activity which is in the interest of the employer in that it provides a method by which labor-management disputes can be resolved in an orderly fashion. Accordingly, we hold as a matter of law that Hopkins' activities in processing grievances were activities carried on on behalf of Chrysler. It follows that plaintiff and Hopkins were natural persons in the same employ; and thus, plaintiff is precluded from bringing this action against Hopkins personally.

As to defendant local union and defendant international union, it should be noted that plaintiff's claim against them is premised upon the assertion that Hopkins was at the time of the assault acting as an agent of both the local and international union and that he was acting within the scope of his duties. Both unions argue that the assault, as a matter of law, was beyond the scope of Hopkins' agency and thus they are not liable under the doctrine of *respondeat superior.*

Both unions cite ample authority for the proposition that a positive wrong by a servant beyond the scope of the master's business which is intentionally or recklessly done will not give rise to liability on the part of the master;[2] however, this simply begs the question of whether the assault was beyond the scope of the master's business or grant of authority. If plaintiff can prove the fact of the agency relationship and the fact that the assault by the agent was within the scope of the agency as alleged in the complaint, plaintiff would

---

[2]*Anderson v Schust Co,* 262 Mich 236; 247 NW 167 (1933); *Martin v Jones,* 302 Mich 355; 4 NW2d 686 (1942); *Vinson v Thomas,* 318 Mich 175; 27 NW2d 523 (1947); *Renda v International Union, UAW,* 366 Mich 58; 114 NW2d 343 (1962); *Gifford v Evans,* 35 Mich App 559; 192 NW2d 525 (1971).

be entitled to a judgment in his favor for any damages incurred as a result of the assault. *Cronk v Chevrolet Local 659,* 32 Mich App 394; 189 NW2d 16 (1971). Since it cannot be said that it would be impossible to prove those factual contentions, there is a disputed question of fact which precludes summary judgment. *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973); *Johnston v American Oil Co,* 51 Mich App 646; 215 NW2d 719 (1974). The trial court therefore erred in granting summary judgment in favor of defendant unions.

Defendant international union's exhaustion of intra-union remedies argument is likewise without merit. See *Cronk v Chevrolet Local 659, supra.*

Affirmed as to defendant Hopkins. Reversed and remanded for trial as to defendant unions. No costs with respect to Hopkins, a public question being involved; costs to abide the final result with respect to the remaining parties.

All concurred.