DIXON v SYPE

Docket No. 78-2746. Submitted June 5, 1979, at Detroit.—Decided
    August 21, 1979.

Plaintiff, Nora Dixon, was employed by the Gibraltar School
    District as a bus attendant. Defendant, Lela Sype, was also
    employed by the school district, as a bus driver. Plaintiff was
    injured when the bus she was riding in, which was driven by
    defendant, collided with an automobile. At the time of the
    accident, plaintiff and defendant had finished transporting
    children to school and were on their way to the bus yard to
    drop off the bus and get their personal vehicles. Plaintiff sued
    defendant in the Wayne Circuit Court, alleging negligence. The
    trial court, George T. Martin, J., granted accelerated judgment
    for defendant on the ground that the court lacked jurisdiction
    to decide whether plaintiff's injury occurred in the course of
    her employment. Plaintiff appeals. *Held:*

The issue of whether or not an injury occurred in the course
    of the injured's employment is within the exclusive jurisdiction
    of the Workmen's Compensation Bureau. Where the Work-
    men's Compensation Bureau has not made any decision on the
    issue, a *tort action for damages should not be dismissed by a
    court for lack of jurisdiction* to decide the issue until the
    plaintiff is afforded an opportunity to seek a determination
    from the bureau.

Reversed and remanded with instructions.

1. Workmen's Compensation — Exclusive Remedy — Statutes.

Workmen's compensation benefits are the exclusive remedy avail-
    able to an employee against his employer where the employee's
    injury is within the scope of the Worker's Disability Compensa-
    tion Act (MCL 418.131; MSA 17.237[131]).

2. Workmen's Compensation — Administrative Law — Exclusive
    Remedy — Pleadings — Jurisdiction.

The mere omission of workmen's compensation assertions from
    pleadings which would reveal the applicability of the exclusive

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 81 Am Jur 2d, Workman's Compensation §§ 50, 51.
[2] 81 Am Jur 2d, Workman's Compensation § 40 *et seq.*
[3] 82 Am Jur 2d, Workman's Compensation § 476.

remedy provision of the Worker's Disability Compensation Act cannot confer jurisdiction on the courts.

3. WORKMEN'S COMPENSATION — ADMINISTRATION — EXCLUSIVE REMEDY — TORTS — COURTS — ADMINISTRATIVE AGENCIES — JURISDICTION.

    The question of whether an employee's injury occurred in the course of his employment and thus would subject him to the exclusive remedy provisions of the Worker's Disability Compensation Act or whether an injury was not compensable under the compensation act, which would allow a tort action in circuit court, is for the Workmen's Compensation Bureau.

Gerald Tuchow Law Office (by *Robert T. Benefiel*), for plaintiff.

*Joselyn, Rowe, Jamieson & Grinnan, P.C.* (by *E. F. Mattingly*), for defendant.

Before: R. M. MAHER, P.J., and BRONSON and A. E. MOORE,* JJ.

PER CURIAM. Plaintiff, Nora Dixon, appeals as of right from the order of the Wayne County Circuit Court granting defendant's motion for accelerated judgment on grounds that the court lacked jurisdiction to decide a key issue in the case: whether the injury to plaintiff was suffered in the course of her employment at the hands of a coemployee acting in the course of employment.

Plaintiff was injured on March 3, 1975, when a school bus in which she was riding collided with an automobile, throwing plaintiff to the floor of the bus. The bus was owned by the Gibraltar School District and was driven by defendant, Lela Sype, an employee of the school district. Plaintiff was also employed by the school district as a bus attendant, assigned to ride the bus with defendant and assist in loading and unloading handicapped children. At the time of the accident, plaintiff and defendant had finished transporting children to

---

    * Circuit judge, sitting on the Court of Appeals by assignment.

school and were on their way to the bus yard to drop off the bus and to get their personal automobiles.

Plaintiff brought this action in Wayne County Circuit Court, alleging that she was injured as a result of defendant's negligence and seeking money damages as compensation for her injuries.[1] Defendant answered, denying negligence and asserting as affirmative defenses, *inter alia,* that the action was barred by the provisions of the Worker's Disability Compensation Act, MCL 418.101 *et seq.;* MSA 17.237(101) *et seq.;* and by the no-fault automobile insurance act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.* Thereafter, defendant filed a motion for accelerated judgment on grounds that plaintiff's exclusive remedy was under the Worker's Disability Compensation Act and that the circuit court lacked jurisdiction to hear the matter. The court in granting defendant's motion noted that trial of the case would entail the determination of whether plaintiff's injury occurred in the course of her employment, a question which, the court concluded, lies within the exclusive jurisdiction of the Workmen's Compensation Bureau.

Section 131 of the Worker's Disability Compensation Act, MCL 418.131; MSA 17.237(131), provides that "benefits as provided in this act shall be the employee's exclusive remedy against the employer". Section 827 of the act preserves the employee's right of action against a tortfeasor "other than a natural person in the same employ or the employer", MCL 418.827; MSA 17.237(827). These sections of the statute have been interpreted to bar an action by the injured employee against a fellow employee whose negligence caused the in-

---

[1] Plaintiff alleges in her brief that she filed a claim for worker's compensation benefits for injuries suffered in the accident, which claim has been redeemed.

jury, where both were acting in the course of their employment at the time the injury occurred. See *Herndon v UAW Local No 3,* 56 Mich App 435; 224 NW2d 334 (1974), *Wilson v Al-Huribi,* 55 Mich App 95; 222 NW2d 49 (1974). Where either party was not acting in the course of employment, however, the statutory bar does not apply, see *Herndon, supra,* and *Wilson, supra.*

Section 841 of the act provides:

"Any controversy concerning compensation shall be submitted to the bureau and *all questions arising under this act shall be determined by the bureau."* (Emphasis added.) MCL 418.841; MSA 17.237(841).

Interpreting the predecessor of the above-quoted section, this Court said in *Herman v Theis,* 10 Mich App 684, 689; 160 NW2d 365 (1968):

"Issues concerning injuries and whether they grew 'out of and in the course of the employment relationship' are to be exclusively within the purview of the workmen's compensation department, and the merits of such a claim are to be first evaluated by the department."

The principle that jurisdiction over questions of the applicability of the 1969 act and exclusiveness of its remedy is vested in the Workmen's Compensation Bureau has been clearly established in cases arising under the new act, *Szydlowski v General Motors Corp,* 397 Mich 356; 245 NW2d 26 (1976). Jurisdiction is not limited to claims for compensation or to controversies between employee and employer. See *St Paul Fire & Marine Ins Co v Littky,* 60 Mich App 375; 230 NW2d 440 (1975), holding that the question whether an insurance policy issued by plaintiff covered an injury to defendant's employee was for the bureau and not

for circuit court to decide. See also *Maglaughlin v Liberty Mutual Ins Co,* 82 Mich App 708; 267 NW2d 160 (1978).

Plaintiff seeks to distinguish *Herman v Theis, supra,* on grounds that her action is not against her employer and that she did not allege an employer-employee relationship in her pleading. We note, however, that the exclusive remedies provision applies to actions against coemployees as well as employers, see *Herndon v UAW Local No 3, supra,* and *Wilson v Al-Huribi, supra.* As to the omission from the pleadings of the fact that plaintiff and defendant were fellow employees, we note that "[t]he mere omission of assertions from the pleadings which would reveal the applicability of the exclusive remedy provision cannot confer jurisdiction on the courts. *St Paul Fire & Marine Insurance Co v Littky,* 60 Mich App 375, 378; 230 NW2d 440 (1975)." *Bednarski v General Motors Corp,* 88 Mich App 482, 485; 276 NW2d 624 (1979).

Plaintiff cites several cases for the proposition that the employment status of an employee is a jury question. Only one of the cited cases, however, presents the issue now before us. In *Bugg v Fairview Farms, Inc,* 385 Mich 338; 189 NW2d 291 (1971), plaintiff's decedent was killed in an automobile accident. Plaintiff filed both a workmen's compensation claim and a wrongful death action against decedent's employer and fellow employee. The workmen's compensation claim was redeemed, the parties expressly reserving the question whether the death occurred in the course of employment for litigation in the wrongful death action. The Supreme Court reversed the trial court's dismissal of the wrongful death action on the grounds that it was barred by the exclusive rem-

edy provision, holding that defendants were estopped to raise the statutory bar by reason of their agreement to reserve the question whether the injuries occurred in the course of employment for litigation in the wrongful death action. We do not read this case as establishing that the issue stated may be presented to a jury as an alternative to a determination by the Workmen's Compensation Bureau. To the extent that the *Bugg* case does so hold, we are of the opinion that its validity is questionable in light of the Supreme Court's decision in *Szydlowski v General Motors Corp, supra.* The other cases cited by plaintiff deal with the question of whether an employment relationship exists, which has long been held to be a question within the power of the circuit court or a jury to decide, see *Nichol v Billot,* 406 Mich 284; 279 NW2d 761 (1979).

*Bednarski, supra,* presented an issue virtually identical to that raised in the case now before us. In *Bednarski,* plaintiff brought a wrongful death action against her late husband's employer, alleging medical malpractice by the employer's agents. Plaintiff also filed a claim for worker's compensation benefits, alleging the same acts by the employer's agents. The lower court granted summary judgment for defendant in the wrongful death action, on grounds that the action was barred by the exclusive remedy provisions of worker's compensation. On appeal, this Court reversed and remanded to the circuit court, the matter to be held in abeyance pending a determination by the Workmen's Compensation Bureau whether the injury complained of was compensable. If the bureau found the injury compensable, accelerated judgment for defendant would properly issue. If not compensable, the wrongful death action could pro-

ceed.[2] *Cf. Stimson v Michigan Bell Telephone Co,*
77 Mich App 361; 258 NW2d 227 (1977).

We think a similar remedy is appropriate in the
case before us. Accordingly, we reverse the circuit
court's order granting accelerated judgment for
defendant and remand the matter to the circuit
court. Plaintiff shall, within 20 days of the release
date of this opinion, file with the Workmen's Com-
pensation Bureau an application for a hearing on
the question in controversy.[3] If such application is
timely filed, the circuit court shall hold the instant
action in abeyance pending the decision of the
bureau. If the bureau determines that plaintiff's
injuries were suffered in the course of her employ-
ment, or if plaintiff fails to apply for a bureau
determination within 20 days, the court shall
grant accelerated judgment for defendant. If the
bureau finds the injuries not to be work-related,
this action may proceed.

Reversed and remanded for further proceedings
consistent with this opinion. We retain no jurisdic-
tion.

---

[2] The *Bednarski* court recognized that actions by an employee for
injuries not arising out of the employment relationship are not barred
by the Worker's Disability Compensation Act, citing *Panagos v North
Detroit General Hospital,* 35 Mich App 554; 192 NW2d 542 (1971).

[3] Seeking to distinguish *Herman v Theis,* cited in text, *supra,*
plaintiff argues that she is precluded from seeking a determination by
the bureau of the issue in question, because she has redeemed her
claim for worker's compensation, whereas in *Herman, supra,* the
claim was still pending. We note that a similar distinction could be
made with regard to *Bednarski,* cited in text, *supra.* However, we find
nothing in the Worker's Disability Compensation Act of 1969 which
specifically bars determination by the bureau of questions relating to
redeemed claims, and conclude that §§ 841 and 847 of the act are
sufficiently broad to permit such determination.