FLETCHER v HARAFAJEE

Docket No. 43210. Submitted January 5, 1980, at Lansing.—Decided
October 6, 1980. Leave to appeal applied for.

Madeline Fletcher a Flint police officer, was shot during an
altercation with fellow officers while on duty and was treated
at a city-owned medical center by city-employed medical per-
sonnel. A sponge was inadvertently left in her abdomen and
further surgery was required. Plaintiff and Erika Fletcher,
plaintiff's daughter, brought an action for damages for medical
malpractice against the treating personnel, Musa S. Harafajee,
M.D., K. Johannsson, M.D., and P. Zyber, and the medical
center. The medical center was subsequently dismissed by
stipulation. Defendants Johannsson and Zyber moved for sum-
mary judgment, which was denied, Genesee Circuit Court,
Thomas C. Yeotis, J. Johannsson and Zyber appeal by leave
granted alleging that because they and the plaintiff are fellow
employees of the City of Flint they are immune from suit by
virtue of the exclusive remedy and co-employee provisions of
the Worker's Disability Compensation Act. Held:

1. The courts have concurrent jurisdiction with the Bureau of
Workmen's Compensation to determine whether an injured
worker and the person causing the injury are co-employees.

2. The employment relationship in this case was only inciden-
tally involved, therefore the plaintiff and the defendants are
not co-employees for the purposes of the act, and the malprac-
tice action is not precluded by the act. The summary judgment
motion was properly denied.

Affirmed.

BEASLEY, P.J., dissented. He would hold that the plaintiff and
the defendants are co-employees and that the malpractice
action is, therefore, precluded.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 81 Am Jur 2d, Workmen's Compensation § 67.
Right to maintain action against fellow employee for injury or
death covered by workman's compensation. 21 ALR3d 845.
[2] 82 Am Jur 2d, Workmen's Compensation §§ 471, 472, 475.

OPINION OF THE COURT

1. WORKERS' COMPENSATION — FELLOW EMPLOYEES — EXCLUSIVE REMEDY — STATUTES.

The exclusive remedy of an employee injured in the course of his employment by the actions of a fellow employee is that provided by the Worker's Disability Compensation Act (MCL 418.131, 418.827[1]; MSA 17.237[131], 17.237[827][1]).

2. WORKERS' COMPENSATION — COURTS — JURISDICTION — FELLOW EMPLOYEES.

The courts have concurrent jurisdiction with the Bureau of Workmen's Compensation to determine whether an injured worker and the person causing the injury are co-employees.

3. WORKERS' COMPENSATION — FELLOW EMPLOYEES — INCIDENTAL EMPLOYMENT RELATIONSHIP.

A city police officer injured in the course of employment is not a co-employee, within the scope of the Worker's Disability Compensation Act, of a doctor employed by the city in a public emergency medical facility where the officer was treated; the employment relationship is only incidentally involved, and the injured officer is not precluded from bringing an action against the doctor for medical malpractice.

DISSENT BY BEASLEY, P.J.

4. WORKERS' COMPENSATION — FELLOW EMPLOYEES — EXCLUSIVE REMEDY — STATUTES.

*A city police officer injured in the course of employment and a doctor employed by the city in a public emergency medical facility are co-employees within the scope of the Worker's Disability Compensation Act, and the officer is therefore precluded from bringing an action against the doctor for medical malpractice in the treatment of the officer's injury (MCL 418.131, 418.827[1]; MSA 17.237[131], 17.237[827][1]).*

*Philo, Atkinson, Darling, Steinberg, Harper & Edwards,* for plaintiffs.

*Wilson, Portnoy, Basso & Leader, P.C.* (by *Robert P. Roth),* for defendants Johannsson and Zyber.

Before: Beasley, P.J., and D. E. Holbrook, Jr. and R. E. Robinson,* JJ.

D. E. Holbrook, Jr., J. Plaintiff, Madeline Fletcher, a female police officer, was shot in the abdomen during an altercation with fellow officers while on duty. She was immediately taken to Hurley Medical Center emergency room where her wound was sewn up. A sponge was inadvertently left inside requiring her to undergo further surgery approximately six days later. The medical center is owned by the City of Flint, and the treating medical personnel are employees of the city.

A malpractice suit was filed against the medical center and the individual professionals. The medical center was dismissed per stipulation. Defendants claim that plaintiff's and their status as fellow employees of the City of Flint renders them immune from suit under MCL 418.131; MSA 17.237(131) and MCL 418.827(1); MSA 17.237(827)(1), the exclusive remedy and co-employee provisions of the Worker's Disability Compensation Act. Defendants Johannsson and Zyber appeal by leave granted from a denial of their motion for summary judgment.

The Worker's Disability Compensation Act provides an exclusive remedy for fellow employees when injuries arise out of the course of employment. *Herndon v UAW Local No 3*, 56 Mich App 435; 224 NW2d 334 (1974), and *Wilson v Al-Huribi*, 55 Mich App 95; 222 NW2d 49 (1974). Defendants contend that the issue of whether the plaintiff should be permitted access to the court to sue in a medical malpractice action is a matter properly decided by the Bureau of Workmen's Compensa-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tion. We disagree. As held in *Modeen v Consumers Power Co,* 384 Mich 354, 360-361; 184 NW2d 197 (1971), quoting *Bonney v Citizens' Mutual Automobile Ins Co,* 333 Mich 435, 440; 53 NW2d 321 (1952):

" 'The statutory grant of exclusive jurisdiction to the workmen's compensation commission does not deprive a court of the jurisdiction to determine rights arising out of an entirely different relationship and in an entirely different type of proceeding in which the employer and employee relationship is only incidentally involved.' "

The courts of Michigan have long maintained concurrent jurisdiction in determining whether co-employee status exists. In *Nichol v Billot,* 406 Mich 284, 306; 279 NW2d 761 (1979), the defendant asserted as an affirmative defense that he was a co-employee. The Court held that the question of defendant's status as an employee is an issue of law for the court providing that the evidence is reasonably susceptible of only a single inference, but that a jury determination should be made where facts are disputed or where conflicting inferences may reasonably be drawn from the known facts.

In the instant case the employment relationship is only incidentally involved. We do not find case law or statutory mandate which would require a plaintiff city employee to first appear before the Bureau of Workmen's Compensation just because the defendant is also a city employee. See *Panagos v North Detroit General Hospital,* 35 Mich App 554; 192 NW2d 542 (1971), in which a hospital employee, while on her lunch hour, cut her mouth on a foreign particle contained in a piece of pie which she purchased in the hospital's cafeteria. It

was found that the employee-employer relation-ship was unrelated to the cause of action.

The lower court found that plaintiff and defendants were not co-employees. Defendant contends this was error, citing as authority *Jones v Bouza,* 381 Mich 299, 302; 160 NW2d 881 (1968), in which the plaintiff, an employee of Ford Motor Company, was treated for an on-the-job injury by a company staff physician. Summary judgment was granted because they were co-employees. When a work-related injury is aggravated by treatment, the business structure is an important consideration in determining whether a plaintiff's remedies are limited. In *Jones, supra,* the full-time staff physician was hired to discharge the employer's obligation of supplying medical care for those employees injured on the job. The instant case is distinguishable in that the physician was not employed for the sole purpose of treating city employees. The medical services were available to the general public.

This factual situation presents a case of first impression in Michigan. Other jurisdictions with similar statutory language have formulated criteria in determining whether attendant medical personnel are co-employees within the scope and purpose of the statute. In New York the test includes:

1. Was there a professional medical service made available to employees;

2. Was the service limited to employees only and not the general public; and

3. Did the plaintiff receive these services only as a consequence of his employment.

*Garcia v Iserson,* 33 NY2d 421; 353 NYS2d 955; 309 NE2d 420 (1974). See also *Guy v Arthur H Thomas Co,* 55 Ohio St 2d 183; 378 NE2d 488 (1978), and *Duprey v Shane,* 39 Cal 2d 781; 249 P2d 8 (1952). Plaintiff did not receive the services of defendants only as a consequence of her employment. The medical center is not a facility intended for exclusive treatment of city employees. It was merely an unfortunate coincidence that it was utilized by plaintiff.

The "third party" provision of MCL 418.827(1); MSA 17.237(827)(1) maintains the common law right of action in tort even where benefits under the Worker's Disability Compensation Act are payable for the same injury if caused by someone other than "a natural person in the same employ". It would be manifestly unfair to apply the co-employee rule to government employees, who may serve a single master but carry out many diverse, unrelated functions and duties in departments that operate semi-autonomously. Plaintiff and defendants serve the City of Flint in two diverse capacities. Their usual duties do not bring them into habitual association and there is no unity of purpose. To be co-employees within the purview of the act, fellow employees must be directly cooperating with each other in work which may reasonably be regarded as the same. As a police officer, plaintiff's duties were to enforce the law, not to render medical care to the sick or infirm. The objectives and goals of the two professions are separate and distinct.

The co-employee doctrine is inapplicable. Plaintiff was not pursuing or furthering the interests of her employer. Her status was that of a medical patient. The remedial surgery and increased convalescence resulted from a physician-patient relationship. The theory of the cause of action has

nothing to do with the fact that both plaintiff and defendant are employed by the city. Actions are not barred against fellow employees when the employment relationship subsisting between them is only incidentally related to a claim resting on another basis. *Panagos, supra,* 559.

Affirmed.

R. E. ROBINSON, J., concurred.

BEASLEY, P.J. *(dissenting).* I respectfully dissent.

I believe *Jones v Bouza*[1] is applicable and requires reversal.

I would vote to reverse.

[1] 381 Mich 299; 160 NW2d 881 (1968).