## HOLODY v CITY OF DETROIT

Docket No. 58946. Submitted April 19, 1982, at Detroit.—Decided June 9, 1982. Leave to appeal applied for.

Thomas D. Holody, a City of Detroit policeman, was injured when the police car he was driving collided with a Detroit fire truck which allegedly failed to stop at a stop sign. Holody waived his right to receive workers' compensation benefits and, in lieu thereof, received "like benefits" under the Detroit City Charter. Holody and his wife, Sylvia Holody, then brought an action against the City of Detroit and the individual fire fighters on the truck at the time of the accident. Plaintiffs sought compensation for personal injuries and loss of consortium. The Wayne Circuit Court, Thomas J. Brennan, J., found that plaintiffs' suit was barred against all defendants by the exclusive remedy and co-employee provisions of the Worker's Disability Compensation Act and granted summary judgment in favor of defendants. Plaintiffs appeal. *Held:*

1. Thomas Holody's receipt of benefits under the Detroit City Charter did not give him the right to sue his employer in tort.

2. The exclusive remedy provision of the workers' compensation act bars plaintiffs' suit against the city since Mr. Holody suffered personal injury during working hours and while he was engaged in the usual duties of his employment.

3. The individual defendants, all fire fighters for the City of Detroit, are co-employees of Thomas Holody by virtue of the fact that they work for the same employer. As co-employees, they are entitled to immunity from suit under the exclusive remedy and co-employee provisions of the act.

4. Mrs. Holody's derivative claim for loss of consortium is barred as a result of Mr. Holody's claims for personal injuries being barred.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 81 Am Jur 2d, Workmen's Compensation §§ 50, 52, 115.

[2] 81 Am Jur 2d, Workmen's Compensation §§ 50, 52, 240 *et seq.*

[3] 81 Am Jur 2d, Workmen's Compensation §§ 50, 52, 67.

Right to maintain direct action against fellow employee for injury or death covered by workmen's compensation. 21 ALR3d 845.

1. WORKERS' COMPENSATION — PUBLIC EMPLOYEES — LIKE BENEFITS.

   Receipt of "like benefits" under a city charter in lieu of compensation under the Worker's Disability Compensation Act does not give rise to a right on the part of an injured city employee to sue his employer in tort (MCL 418.131, 418.161[1][a]; MSA 17.237[131], 17.237[161][1][a]).

2. WORKERS' COMPENSATION — EXCLUSIVE REMEDY.

   An action in tort against one's employer is precluded by the exclusive remedy provision of the Worker's Disability Compensation Act if the personal injury arises out of and in the course of employment and the cause of action is based on the employment relationship (MCL 418.131, 418.301[1]; MSA 17.237[131], 17.237[301][1]).

3. WORKERS' COMPENSATION — EXCLUSIVE REMEDY — "CO-EMPLOYEES".

   A person need not be working on the same job or in the same department as an injured employee to qualify as a co-employee for purposes of the exclusive remedy and co-employee provisions of the Worker's Disability Compensation Act which abolish an injured employee's common-law right of action against all "natural person[s] in the same employ" for job-related injuries, he need only be working for the same employer (MCL 418.131, 418.827[1]; MSA 17.237[131], 17.237[827][1]).

*Frank R. Langton & Associates, P.C.* (by *Barry Sigman),* for plaintiffs.

*Tyler & Canham, P.C.* (by *Michael J. Walter* and *Robert E. Graziani),* for defendants.

Before: BRONSON, P.J., and D. F. WALSH and C. W. SIMON,* JJ.

D. F. WALSH, J. Plaintiffs, Thomas and Sylvia Holody, appeal the circuit court's entry of summary judgment in favor of defendants, City of Detroit, Adam Hagen, Michael Hunt, Dennis Klimek and David Knox. GCR 1963, 117.2(1).

On April 17, 1978, plaintiff Thomas Holody, a City of Detroit police officer, was driving a police

---

* Circuit judge, sitting on the Court of Appeals by assignment.

car which collided with a Detroit fire truck which had allegedly failed to heed a stop sign. The fire truck was allegedly being driven by defendant Adam Hagen, a Detroit fire fighter. The remaining individual defendants, also Detroit fire fighters, were passengers in the fire truck.

Plaintiffs filed this lawsuit seeking compensation for personal injuries and loss of consortium. The trial court found that plaintiffs' suit was barred against all defendants by the exclusive remedy and co-employee provisions of the Worker's Disability Compensation Act (WDCA). MCL 418.131, 418.827(1); MSA 17.237(131), 17.237(827)(1).

Plaintiffs argue that they are not barred by the exclusive remedy provision of the WDCA, MCL 418.131; MSA 17.237(131), because, pursuant to MCL 418.161(1)(a); MSA 17.237(161)(1)(a),[1] Mr. Holody waived his right to receive workers' compensation benefits and, in lieu thereof, has received "like benefits" under the Detroit City Charter. Even accepting plaintiffs' argument that the charter benefits are "like benefits",[2] we reject plaintiffs' theory that receipt of such benefits rendered inapplicable, as to them, the prohibition against pursuit of a common-law tort action against Mr. Holody's employer.

In a case involving a Detroit fire fighter's attempt to sue the City of Detroit for injuries sustained in the course of his employmet, the Su-

[1] "Police officers, firefighters, or employees of the police or fire departments, or their dependents, in municipalities or villages of this state having charter provisions prescribing like benefits, may waive the provisions of this act and accept like benefits that are prescribed in the charter but shall not be entitled to like benefits from both their local charter and this act."

[2] In *Kment v Detroit,* 109 Mich App 48; 311 NW2d 306 (1981), this Court, over Judge BRONSON's dissent, found that the benefits provided under the Detroit City Charter were "like benefits" for purposes of MCL 418.161(1)(a); MSA 17.237(161)(1)(a).

preme Court rejected the notion that receipt of benefits under a city ordinance in lieu of compensation under the workers' compensation statute gave rise to a right on the part of the employee to sue his employer.

"We cannot accept this theory as a basis of recovery. The plaintiff was bound by the provisions of the act. So was the city, his employer. When he waived his right to compensation for the purpose of securing a pension, he did not thereby release himself from other provisions of the act. Prior to accepting the pension, he had two remedies, each for the same wrong. He had a right to compensation or to a pension. He could not have both. He could not maintain a common-law action for damages against his employer, for his right to maintain such action was taken from him by the statute, 2 CL 1929, § 8410. Having elected to be bound by the statute, he is not entitled to a remedy which it has abolished." *Bross v Detroit,* 262 Mich 447, 449; 247 NW 714 (1933).

On the authority of *Bross,* we hold that Mr. Holody's receipt of benefits under the Detroit City Charter did not give him the right to sue his employer in tort.

A second argument advanced by plaintiffs in support of their contention that they are not precluded from pursuing their common-law tort action against Mr. Holody's employer is premised on the assertion that their cause of action is not based on Mr. Holody's employment.

An action in tort against one's employer is precluded by the exclusive remedy provision of the WDCA if it seeks recovery for personal injury arising out of and in the course of employment and if the cause of action is based on the employment relationship. MCL 418.301(1), 418.131; MSA 17.237(301)(1), 17.237(131), *Bourassa v ATO Corp,* 113 Mich App 517; 317 NW2d 669 (1982), *Busch-*

*bacher v Great Lakes Steel Corp,* 114 Mich App 833; 319 NW2d 691 (1982).

In this case, plaintiffs admit that Mr. Holody is seeking damages for personal injuries which he suffered during working hours and while he was engaged in the usual duties of his employment as a Detroit police officer.[3] Mr. Holody's presence in the accident vehicle was a "routine and integral part of" his employment. See *Peoples v Chrysler Corp,* 98 Mich App 277, 283; 296 NW2d 237 (1980). We are not persuaded that Mr. Holody's status as employee was unrelated to or merely incidental to plaintiffs' cause of action. The exclusive remedy provision of the WDCA, therefore, bars plaintiffs' suit against the city. Compare *Panagos v North Detroit General Hospital,* 35 Mich App 554; 192 NW2d 542 (1971).

Nor are we persuaded by plaintiffs' argument that they are not suing Mr. Holody's employer but rather the employer of the occupants of the fire truck. A similar attempt to treat separate agencies of the City of Detroit as separate employers for purposes of the WDCA was rejected by the Supreme Court in *Bross v Detroit, supra.*

With respect to the individual defendants, plaintiffs argue that they were not co-employees of Mr. Holody and that these defendants, therefore, are not immune from suit under MCL 418.131; MSA 17.237(131) and MCL 418.827(1); MSA 17.237(827)(1), the exclusive remedy and co-employee provisions of the WDCA. Plaintiffs acknowledge that both Mr. Holody and the individual

---

[3] Plaintiffs' January 17, 1980, complaint, ¶ 3, states in part: "That on or about the 17th day of April, 1978, at or about the hour of 5:30 p.m. your plaintiff was actively engaged in his employment as a Detroit policeman, badge no. 2827, and was operating a certain 1977 automobile bearing the Michigan registration no. 43X081, such vehicle being a Detroit police car * * *."

defendants were employed by the City of Detroit. Plaintiffs claim, however, that the fire fighters worked for "different unrelated departments" within the city, and argue that the co-employee provision is, therefore, inapplicable.[4]

In *Jones v Bouza,* 381 Mich 299; 160 NW2d 881 (1968), the Supreme Court held that an assembly line employee of Ford Motor Company was precluded from suing a Ford staff physician for malpractice. The result was dictated by the plain words of the WDCA, which abolishes an injured employee's common-law right of action against all "natural person[s] in the same employ" for job-related injuries. MCL 418.827(1); MSA 17.237(827)(1). As this Court noted in its decision in *Jones,* to qualify as a co-employee, a person need not be working on the same job or in the

---

[4] In support of their argument plaintiffs cite *Fletcher v Harafajee,* 100 Mich App 440; 299 NW2d 53 (1980), *lv den* 411 Mich 971 (1981). In that case, this Court, over Judge BEASLEY'S dissent, ruled that a city police officer was not precluded from filing a malpractice suit against medical personnel, city employees, who treated him at a city-owned medical center. The officer had been injured during an altercation with fellow officers while on duty and had been taken immediately to the medical center for emergency treatment. The alleged malpractice occurred thereafter. In ruling that the co-employee rule did not apply, the Court emphasized the diverse capacities in which the plaintiff and the medical personnel served the City of Flint, their common employer. In the instant case, employees of Detroit's police and fire departments are involved. The degree of "unity of purpose" between these two departments, found lacking in *Fletcher,* is substantial. As noted by the trial court, police officers and fire fighters are "frequently drawn together to save lives and property" and are treated similarly under the "like benefits" provision of the WDCA. MCL 418.161(1)(a); MSA 17.237(161)(1)(a). The police and fire departments share the *raison d'etre* of public safety. *Fletcher* is, therefore, clearly distinguishable. In any event, insofar as *Fletcher* may be inconsistent with our resolution of the co-employee issue, we decline to follow it. Nothing in the WDCA justifies judicial creation of a special exemption from the co-employee rule for government employees employed by different departments. We further note that the *Fletcher* decision was at least partly based on the Court's determination that the plaintiff's employment status was only incidentally involved. As discussed *supra,* the circumstances of the instant case are distinguishable in this respect.

same department. He need only be working for the same employer. *Jones v Bouza,* 7 Mich App 561, 565; 152 NW2d 393 (1967), *Pettaway v McConaghy,* 367 Mich 651, 655; 116 NW2d 789 (1962).

It is not disputed that the individual defendants were acting in the course of their employment at the time of the collision. *Robards v Estate of Leopold J Kantzler,* 98 Mich App 414, 419; 296 NW2d 265 (1980). These defendants were employed by the City of Detroit, as was Mr. Holody. The trial court's ruling that the co-employee provision of the WDCA bars this suit against them was proper.

Because Mr. Holody's claims for personal injuries are barred, Mrs. Holody's derivative claim for loss of consortium is also barred. *Bourassa v ATO Corp, supra.*

Affirmed. Costs to appellees.