(32 Misc. Rep. 379.)

PEOPLE ex rel. SMITH v. HOFFMAN, Adjt. Gen., et al.

(Supreme Court, Special Term, New York County. August, 1900.)

MILITIA—EXAMINATION OF OFFICER AS TO FITNESS FOR SERVICE—POWER OF GOVERNOR.

Under Military Code, § 64, authorizing the governor to require any commissioned officer to appear before a board of field officers for examination as to his moral character, capacity, and general fitness for the service, and providing that if the findings of such board be unfavorable to such officer, and be approved by the governor, he shall be discharged from the service, the approval by the governor of such findings, and the proceedings generally, relate to an exercise of power by the executive, which is vested in him, under the law, in connection with the state military department, and is not subject to review by the courts.

Petition by the people, on the relation of Clinton H. Smith, against Edward M. Hoffman, as adjutant general of the state of New York, and others, for writ of certiorari requiring the adjutant general to return the records of the board of examination convened by general orders No. 7, and the approval of the governor of the findings of such board. Motion to vacate writ granted.

John C. Davies, Atty. Gen. (Edward P. Coyne, of counsel), for the motion.

Alexander S. Bacon, opposed.

GIEGERICH, J. The governor unquestionably had the power to appoint the board of examination (Military Code, § 64) which decided that the petitioner was unfit for service in the national guard of the state of New York. The proceedings and report were approved by the governor, the commander in chief of the national guard, and thereupon, by operation of law, the petitioner was discharged from the service. Id. The proceedings did not, as claimed, partake of the character of a judicial inquiry, but were had in aid of the commander in chief, to enable him to understandingly exercise his discretion in determining the fitness of an officer to hold his commission. The approval by the governor was a function which, under the law, was vested in him in connection with the state military department; and the proceedings generally related to the exercise of power by the executive, and are not subject to control by the judicial, department. 8 Am. & Eng. Enc. Law, 1401.

The motion is therefore granted.