150 N.J. Super. 48 (1977)
374 A.2d 1222
JOHN ALBERT TAYLOR AND GAIL TAYLOR, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
PFAUDLER SYBRON CORP., A NEW YORK CORPORATION DOING BUSINESS IN THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 2, 1977.
Decided May 16, 1977.
*49 Before Judges CARTON, KOLE and LARNER.
Mr. Norman Shabel argued the cause for appellants.
Mr. Timothy E. Annin argued the cause for respondent (Messrs. Parker, McCay and Criscuolo, attorneys; Mr. Marc M. Baldwin, on the brief).
The opinion of the court was delivered by LARNER, J.A.D.
Plaintiff was injured in an industrial accident arising out of his employment by the Ionac Chemical Company, a division of Sybron Corporation. He thereupon filed a worker's compensation petition misnaming respondent as "Ionac Chemical Corporation." Respondent's answer carried over this misnomer. Nevertheless, it is undisputed that Ionac is not a corporate entity but is simply a chemical manufacturing division of Sybron Corporation.
Plaintiff received an award in the Workers' Compensation Court for his work-connected injuries. He nevertheless instituted a common law action for the injuries resulting from the same accident against "Pfaudler Sybron Corp." (another misnomer) which, in fact, is not a corporate entity but is known as Pfaudler Company, a division of Sybron engaged in the manufacture and sale of equipment utilized in chemical manufacturing. Plaintiff's allegation in that action is that Pfaudler was negligent in several respects relating to the manufacture of a vat which caused his injuries and to the absence of warning of dangers inherent in the use of the vat.
Defendant Pfaudler moved for summary judgment with supporting affidavits establishing that Ionac and Pfaudler are both unincorporated operating divisions of Sybron; that plaintiff sustained the accident while employed by the Ionac division, and that he applied for and received workers' compensation benefits. Defendant attached a W-2 form for 1974, the year during which the accident occurred, which set forth the earnings of plaintiff and designated the employer *50 as "Ionac Chemical Company, Div. of Sybron Corporation." In addition, the declaration sheet of the workers' compensation policy of Sybron was submitted and reflected that the Hartford Insurance Company, which paid the compensation award, was the carrier for Sybron covering many of its operating companies at various locations, including Ionac Chemical Company and Pfaudler Company.
Plaintiff filed an affidavit in response, in which he stated in substance that he had been employed by Ionac since 1951; that the signs at the plant display the name Ionac Chemical Company; that there is no physical sign of Sybron Corporation; that any relationship with Sybron was never brought to his attention, and that the name of the manufacturer on a plate placed on the vat involved is "Pfaudler Sybron Corp." It also appears that defendant submitted answers to plaintiff's interrogatories prior to the argument of the motion, although plaintiff made no reference to the same in support of his position.
The trial judge granted summary judgment based on the fact that the alleged tortfeasor, Pfaudler, is but a division of Sybron, plaintiff's employer, and that plaintiff's right to workers' compensation benefits constitutes his exclusive remedy against that employer or any of its divisions.
Plaintiff urges that the summary judgment should not have been granted and that he should be permitted to go to trial on the theory that a third-party action is viable where the plaintiff is employed by one enterprise and is injured by another separate enterprise, albeit that both are divisions of a single corporate entity. This enterprise theory of third-party recovery is advanced in an article by Professor Clifford Davis entitled, "Workmen's Compensation  Using an Enterprise Theory of Employment to Determine Who Is a Third Party Tort-Feasor," 32 U. Pitt. L. Rev. 289 (1971). We are not cited, however, to any judicial decisions based on such a theory.
*51 In the context of the facts of this case and the applicable law, we reject the theory advanced by plaintiff and affirm the determination below.
N.J.S.A. 34:15-8 unequivocally compels a surrender of any other right of recovery against an employer beyond the workers' compensation benefits. Since Sybron was in fact the employer of plaintiff and Sybron is the corporate entity called upon to respond in damages for the third-party action founded on the negligence of its Pfaudler division, the policy of a single recovery under the Workers' Compensation Act bars any additional right of action. The mere use of divisions or departments, or the labeling of these divisions by proper names in the conduct of Sybron's business enterprises, does not warrant a deviation from the express legislative policy. So long as the employer and the alleged tortfeasor are one, plaintiff is limited to the compensation recovered under the Workmen's Compensation Act.
In 2A Larson, Workmen's Compensation Law, § 72.80 at 115 (1976), Larson states the proposition tersely:
One thing is clear. Dual capacity will not be found merely because the employer has a number of departments or divisions that perhaps are quite separate in their functions and operations.
See also, Miller v. United States, 307 F. Supp. 932 (E.D. Va. 1969); Walker v. City and County of San Francisco, 97 Cal. App.2d 901, 219 P.2d 487 (D. Ct. App. 1950); Jansen v. Harmon, Iowa 164 N.W.2d 323, 328-330 (Sup. Ct. 1969); Bross v. City of Detroit, 262 Mich. 447, 247 N.W. 714 (Sup. Ct. 1933); Hudson v. Allen, 11 Mich. App. 511, 161 N.W.2d 596 (Ct. App. 1968); De Guiseppe v. City of New York, 188 Misc. 897, 66 N.Y.S.2d 866 (Sup. Ct. 1946), aff'd 273 App. Div. 1010, 79 N.Y.S.2d 163 (App. Div. 1948).
Appellant's plea that we apply the liberality accorded to employees in order to bring them within the ambit of the salutary benefits of the Workers' Compensation Act is wholly misplaced. We are not concerned with the issue of *52 plaintiff's ability to recover workers' compensation benefits. We are rather concerned with the important legislative policy immunizing an employer from common law liability. See Freppon v. Hittner, 91 N.J. Super. 9, 12 (App. Div.), certif. den. 47 N.J. 565 (1966). And it is not within our function to disregard the spirit and purpose of that policy merely because plaintiff is an employee who claims that he did not receive adequate recompense through the workers' compensation proceeding. See the following cases dealing with dual recovery versus partnership and individual partners: Mazzuchelli v. Silberberg, 29 N.J. 15, 23-24 (1959); Parker v. Zanghi, 45 N.J. Super. 167, 173-176 (App. Div. 1957); Williams v. Hartshorn, 296 N.Y. 49, 69 N.E.2d 557 (Ct. App. 1946).
In view of existing law, there is nothing in the record or in any projected discovery which could create a genuine issue as to any material fact leading to a different legal result. The summary judgment was therefore warranted.
Affirmed.