232 N.J. Super. 29 (1989)
556 A.2d 346
ROBERT J. LINDEN AND PATRICIA A. LINDEN, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
DAVID N. SOLOMACHA, AND DEPARTMENT OF THE TREASURY-STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 28, 1989.
Decided March 30, 1989.
*30 Before Judges ANTELL and CONLEY (temporarily assigned).
Stephen J. DeFeo argued the cause for appellant (Brown & Connery, attorneys; Mr. Stephen J. DeFeo on the brief).
Kenneth F. Hense argued the cause for respondents (McGlynn, Reed, Hense and Pecora, attorneys; Kenneth F. Hense on the brief).
The opinion of the Court was delivered by CONLEY, J.S.C. (temporarily assigned).
This appeal raises the issue of whether the workers' compensation bar against common-law tort claims contained in N.J.S.A. 34:15-8 applies to co-employees working in different State departments. We conclude that it does.
The facts are not in dispute. Plaintiff, a New Jersey State employee with the New Jersey State Police, was struck by a state vehicle driven by defendant Solomacha, a New Jersey State employee with the Department of Treasury. At the time of the accident, both employees were performing their respective State duties. Plaintiff received workers' compensation benefits from the State and now seeks to pursue his fellow State employee, as well as the State, for damages claimed to have been caused by negligence on the part of defendant Solomacha. The complaint was dismissed by the trial court on the basis of N.J.S.A. 34:15-8. On appeal, plaintiff contends the statutory bar applies only where there is commonality in the *31 employment relationship or where both employees are engaged in a common enterprise.
N.J.S.A. 34:15-8 provides in pertinent part:
If an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong. [emphasis added].
Enacted in 1961 as an amendment to N.J.S.A. 34:15-8, this legislatively fashioned bar was intended to relieve employers of an obligation, direct or indirect, for common-law damage judgments. Millison v. E.I. duPont de Nemours & Co., 101 N.J. 161, 185 (1985); Miller v. Muscarelle, 67 N.J. Super. 305, 321 (App.Div. 1961), certif. den., 36 N.J. 140 (1961). On its face, the bar applies to plaintiff's negligence suit against defendant Solomacha. Though both work for different departments of the State, the employer of both is, in fact, the State. Cf. Assoc. of N.J. State Col. Fac. v. Bd. of Higher Ed., 112 N.J. Super. 237, 245-246 (Law Div. 1970). Neither the State Police nor the Department of Treasury is a separate legal entity, but rather each is a division or department of the State performing State functions. Id. See N.J. Const. of 1947, Art. V, § 4, par. 1, 2.
We reject plaintiff's argument that when the Legislature used the words "in the same employ" it intended to limit the class of co-employees to those involved in a common employment relationship or common enterprise. A similar argument was raised in Bergen v. Miller, 104 N.J. Super. 350 (App.Div. 1969), certif. den., 53 N.J. 582 (1969). In that case, plaintiff, an employee of General Motors, had been treated by a doctor also employed by General Motors. She sought to avoid the statutory bar by arguing employment functions of a company doctor are distinct from employment functions of an industrial worker and thus neither are "in the same employ". In rejecting this argument, we said:
We see no valid reason for making any such distinction. The Legislature did not do so. The broad language of the state applies to all employees. We discussed the rationale which prompted the adoption of N.J.S.A. 34:15-8 in Miller v. Muscarelle, 67 N.J. Super. 305, 321 (App.Div. 1961), certification *32 denied 36 N.J. 140 (1961). Simply stated, its purpose was to make the injured workman's remedy exclusive under the Workmen's Compensation Act both as to the employer and the fellow-employee, except where the fellow-employee was guilty of some intentional wrong. There was no intent in the adoption of the statute to classify fellow-employees. Therefore, the immunity applies to a fellow-employee even if he is in a supervisory capacity or uniquely talented. [104 N.J. Super. at 352-353; emphasis added].
Since General Motors was the common employer of the parties in Bergen, the bar applied notwithstanding the fact their respect employment duties may have been distinct. Accord, Boyle v. Breme, 93 N.J. 569 (1983) (bar against common-law tort claim applied to county employee and county physician). See also Stillwell v. McGrath, 85 N.J. Super. 252 (Law Div. 1964) (bar applicable to county rescue squad workers even though each was a member of a different squad).
Similarly, in Taylor v. Pfaudler Sybron Corp, 150 N.J. Super. 48 (App.Div. 1977), we rejected an argument the statute limits the bar to a common enterprise relationship. Plaintiff, an industrial worker, was injured while in the employ of Ionac Chemical Company, a chemical manufacturing division of Sybron Corporation. After receipt of workers' compensation benefits, he sued Pfaudler Company, an equipment manufacturing division of Sybron. Noting both companies were but divisions of a single corporate entity, we said:
Since Sybron was in fact the employer of plaintiff and Sybron is the corporate entity called upon to respond in damages for the third-party action founded on the negligence of its Pfaudler division, the policy of a single recovery under the Workers' Compensation Act bars any additional right of action. The mere use of divisions or departments, or the labeling of these divisions by proper names in the conduct of Sybron's business enterprises, does not warrant a deviation from the express legislative policy. [150 N.J. Super. at 51; emphasis added].
Thus, as in Bergen, supra, N.J.S.A. 34:15-8 barred the plaintiff's suit in Taylor because the entity responsible for plaintiff's workers' compensation benefits and the entity responsible for plaintiff's injuries, albeit indirectly through one of its separate divisions, was the same, i.e. plaintiff's employer.
So too here. The State, as plaintiff's employer, is responsible for his workers' compensation benefits. It would as well be *33 responsible for injuries negligently caused by defendant Solomacha, albeit indirectly. We see no distinction between this case and Bergen or Taylor.
In holding, as we do, that the bar of N.J.S.A. 34:15-8 applies to co-state employees regardless of where and for what department they are engaged in performing State duties, we express a view that is consistent with that espoused by other jurisdictions. See Walker v. City & County of San Francisco, 97 Cal. App.2d 901, 219 P.2d 487 (Ct. of App. 1950) (fireman injured in a collision with municipal street car); Holody v. City of Detroit, 117 Mich. App. 76, 323 N.W.2d 599 (Ct. of App. 1982) (police officer struck by fire truck); State v. Coffman, 446 N.E.2d 611 (Ind. App. 1983) (highway department truck driver injured while spreading salt or sand when collided with vehicle of state police officer); DeGiuseppe v. City of N.Y., 188 Misc. 897, 66 N.Y.S.2d 866 (Sup.Ct. 1946), aff'd, 79 N.Y.S.2d 163 (App.Div. 1948) (employee of sanitation department struck by trolley operated by employee of transportation board); Berger v. U.G.I. Corp. & City of Allentown, 285 Pa.Super. 374, 427 A.2d 1161 (1980) (city fireman killed by gas explosion allegedly caused by negligent installation of gas lines by employees of city water and sewer department); Green v. Turner, 437 So.2d 956 (La. App. 1983) (employee of department of transportation injured in a car accident by an employee of the department of health and human resources); Osborne v. Commonwealth, 353 S.W.2d 373 (Ky.App. 1962). See also 2A Larson, The Law of Workmens' Compensation, § 72.85(b), (c), p. 274, 276 (1988).
We note, as plaintiff points out, the amendment originally proposed by Assembly Bill 117, introduced January 12, 1960, contained the phrase "in the same employ of the same employer". Although plaintiff claims deletion of the reference to "same employer" may be considered indicative of an intent to narrow the scope of the bar, cf. Illes v. Edison Tp. Zoning Bd. of Adj., 203 N.J. Super. 598, 608 (Law Div. 1985), neither the language of the amendment as enacted, its purpose, nor case *34 law supports this contention. We consider "of the same employer" and "same employ" as merely redundant.
Since plaintiff and defendant Solomacha were both working for the State at the time of the accident, plaintiff is limited to his workers' compensation remedy. The dismissal of the complaint is affirmed.