250 N.J. Super. 8 (1991)
593 A.2d 345
JAMES VERNON, PLAINTIFF-APPELLANT,
v.
SUPERMARKET SERVICES CORP., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 10, 1991.
Decided June 18, 1991.
*9 Before Judges MUIR, Jr., and BROCHIN.
Thomas M. Comer argued the cause for appellant (Rudnick, Waldman, Ford, Addonizio & Pappa, attorneys).
Elli C. Galed argued the cause for respondent (Harwood Lloyd, attorneys; Kathleen M. Berenbroick, on the brief).
The opinion of the court was delivered by MUIR, Jr., J.A.D.
This appeal raises the issue of whether the workers' compensation bar against common law tort claims contained in N.J.S.A. 34:15-8 applies to all corporate subsidiaries of a parent corporation where only one of the corporate subsidiaries employed the injured employer but the self-insured parent paid a workers' compensation court award. We hold that it does not and, consequently, reverse the summary judgment order under appeal.
Plaintiff James Vernon, an employee of Supermarket Distribution Services (SDS), a Delaware corporation, sustained injuries during the course of his employment. Plaintiff allegedly sustained the injury due to negligence of employees of Supermarket Services Corp. (SSC). SSC is a Pennsylvania corporation, incorporated in 1958 and acquired by the Great Atlantic & Pacific Tea Company (A & P) in 1969. Both SSC and SDS are wholly owned subsidiaries of A & P.
Plaintiff filed a workers' compensation claim against A & P. The complaint resulted in the compensation award. Plaintiff then filed the complaint in this action, alleging negligence of SSC and seeking compensatory damages. Defendant moved for summary judgment. Defendant argued A & P's status as parent of the two corporate subsidiaries created a unitary business which made A & P the ostensible employer for purposes *10 of invoking the bar of N.J.S.A. 34:15-8. The trial judge granted the motion. In doing so, the judge relied upon Linden v. Solomacha, 232 N.J. Super. 29, 556 A.2d 346 (App.Div.), certif. denied, 117 N.J. 88, 563 A.2d 847 (1989), and Taylor v. Pfaudler Sybron Corp., 150 N.J. Super. 48, 374 A.2d 1222 (App.Div.), certif. denied, 75 N.J. 20, 379 A.2d 251 (1977). We find Linden and Taylor factually inapposite because they did not deal with separate corporate entities, as we have here.
The facades created by incorporation cannot be transgressed to allow sister corporate subsidiaries of the same corporate parent to enjoy the N.J.S.A. 34:15-8 immunity vested in only one of the subsidiaries. Each corporation is a separate entity. The respective incorporators chose the corporation as a form for doing business. Those incorporators or their successors, while entitled to the benefits that flow from incorporation, must also accept the burdens that flow from the use of the corporate structure. See Lyon v. Barrett, 89 N.J. 294, 300, 445 A.2d 1153 (1982). One of the burdens to be accepted is that a corporation may not share the immunity N.J.S.A. 34:15-8 provides to a sister subsidiary corporation. Cf. id. at 301-04, 445 A.2d 1153.
By incorporating SDS and SSC, the respective incorporators immunized themselves from the liabilities incurred by those corporations. When A & P acquired SSC in 1969, it succeeded to that immunization as it did when it either incorporated or acquired SDS. Although A & P provided workers' compensation self-insurance for all its subsidiaries, it cannot transfer the immunity one of those subsidiaries has under N.J.S.A. 34:15-8 to either itself or any of its other subsidiaries. The individual corporate facades preclude such a transfer.
Neither Linden nor Taylor go counter to our holding today. In Taylor we pointed out that the business entities involved were divisions of Sybron, not separate corporate entities. See Taylor v. Pfaudler Sybron Corp., supra, 150 N.J. Super. at 49, 374 A.2d 1222. Linden has no factual applicability here because *11 it dealt with separate departments of state government, not separate corporate entities. Facts not principles of law decide cases. See Feldman v. Lederle Laboratories, 97 N.J. 429, 455, 479 A.2d 374 (1984).
Reversed.