628 A.2d 814

FRANK MAGGIO AND PATRICIA MAGGIO, PLAINTIFFS–APPELLANTS, v. FREDERICK MIGLIACCIO AND WEST LONG BRANCH FIRE CO. NO. 2, DEFENDANTS–RESPONDENTS, AND BOROUGH OF WEST LONG BRANCH, DEFENDANT.

Superior Court of New Jersey
Appellate Division

Submitted May 24, 1993—Decided July 22, 1993.

Before PETRELLA, D'ANNUNZIO and KEEFE, JJ.

*Drazin* and *Warshaw,* attorneys for appellants (*Steven L. Kessel,* on the brief).

*Boglioli, O'Mara, Reynolds & Mirra,* attorneys for respondents (*Richard J. Mirra,* on the brief).

The opinion of the court was delivered by

KEEFE, J.A.D.

Plaintiff, Frank Maggio, a West Long Branch police officer, appeals from the entry of summary judgment in favor of defendants Frederick Migliaccio, a volunteer fireman, and the West Long Branch Fire Company No. 2, (Fire Company) of which

Migliaccio was a member.[1] The issue on appeal, as phrased by the plaintiff, is "whether a paid police officer and a volunteer fireman, both from the same municipality, are co-employees such that the workers' compensation law would prohibit an action between them for personal injuries." For the reasons stated herein, we find that defendant Migliaccio was in the same employ as plaintiff Maggio at the time of plaintiff's accident. Thus, the suit is barred by reason of *N.J.S.A.* 34:15–8, and the judgment under review is affirmed.

Plaintiff concedes in his appellate brief that the facts are not in dispute. On August 13, 1990, plaintiff was a paid member of the West Long Branch Police Department and defendant Migliaccio was a volunteer member of the West Long Branch Fire Company No. 2. On that date, plaintiff and defendant responded to a fire call, to which they were alerted by the West Long Branch Police Department dispatcher. Plaintiff was engaged in directing traffic at the fire scene, and defendant Migliaccio was engaged driving a fire truck.

Apparently, one end of a fire hose from Migliaccio's truck was attached to a fire hydrant. Migliaccio then proceeded toward the fire scene with the hose trailing behind the truck. As he made a turn in front of traffic that plaintiff had stopped, the hose struck plaintiff with sufficient force to knock his legs out from under him. Plaintiff fell to the ground and sustained injuries.

The amended complaint, which named the Borough of West Long Branch (Borough) as a party, alleged that it was liable because it "exercised supervision and control of the defendant, West Long Branch Fire Department."[2] The amended complaint further alleged that the fire truck was owned by defendant Fire Company and operated by its agent, Migliaccio, in "a reckless,

---

[1] Patricia Maggio, Frank Maggio's wife, sues *per quod.* All references to plaintiff herein shall be to Frank Maggio.

[2] The suit against the Borough was voluntarily dismissed. The correct name for the defendant fire company is West Long Branch Fire Company No. 2.

careless and negligent manner[.]" Migliaccio and the Fire Company answered the complaint and asserted in their fifth separate defense that plaintiff's action was barred by *N.J.S.A.* 34:15–8.

Subsequently, Migliaccio and the Fire Company moved for summary judgment. The following facts are taken from Migliaccio's certification in support of the motion. The Fire Company is "incorporated," and is the owner of the building where the fire fighting equipment is stored. However, the Borough of West Long Branch provides all of the fire fighting equipment used by the Fire Company; pays rent of approximately $1,400 per year for the storage of the fire fighting equipment on the Fire Company's premises; bears the expense of all repair and replacement of equipment; provides automobiles to the chief and assistant chief of the fire company; and pays for all of the training of the volunteer fire fighters, except for the courses taken at the Monmouth County Fire Academy which are free. In addition to the above expenses, the Borough of West Long Branch pays for workers' compensation insurance covering the volunteer fire fighters, which is the same policy that insures municipal employees. The Borough of West Long Branch Police Department also acts as the dispatcher for the fire company.

Discovery revealed that a West Long Branch ordinance provides: "the Fire Department of this Borough shall consist of the Borough Chemical and Truck Co. No. 1 and West Long Branch Fire Co. No. 2."

The Law Division judge, Judge John Arnone, granted defendants' motion for summary judgment, finding that Maggio and Migliaccio were in the same employ at the time of the accident.

Plaintiff, as a police officer and employee of the Borough of West Long Branch, was entitled to workers' compensation benefits payable by the municipality, since he was injured in the "line of duty[.]" *N.J.S.A.* 34:15–43. Likewise, defendant Migliaccio, had he been injured during the course of his response to the fire call, would also have been entitled to workers' compensation benefits even though "the relationship between a volunteer fire-

man and the municipality is not that of master and servant in the true sense." *Vogt v. Borough of Belmar*, 14 *N.J.* 195, 206, 101 *A*.2d 849 (1954). That is so because the same statute which provides compensation benefits for plaintiff, also provides with respect to volunteer firemen that:

Every member of a volunteer fire company shall be deemed to be doing public fire duty under the control or supervision of any ... governing body ... if such control or supervision is provided for by statute[,] ... or if the fire company of which he is a member receives contributions from, or a substantial part of its expenses or equipment are paid for by, the municipality, ... or if such fire company has been ... designated by ordinance as the fire department of the municipality.

[*N.J.S.A.* 34:15–43.]

The "control or supervision" referred to in the above quoted provision is established by statute, *N.J.S.A.* 40A:14–68, which provides in pertinent part:

In any municipality not having a paid or part-paid fire department and force, the governing body, by ordinance, may contract with a volunteer fire company or companies in such municipality, for purposes of extinguishing fires, upon such terms and conditions as shall be deemed proper. The members of any such company shall be under the supervision and control of said municipality and in performing fire duty shall be deemed to be exercising the governmental function[.]

The record reveals that the Borough of West Long Branch adopted the necessary ordinance referred to in *N.J.S.A.* 40A:14–68, and has also contributed public money to the Fire Company, representing a substantial part of the Fire Company's expenses and equipment needs. Thus, although the statute is phrased in the disjunctive, and requires only one of the conditions to be met, all of the statutory criteria necessary to make defendant Migliaccio an employee of the Borough of West Long Branch for the purposes of compensation benefits have been satisfied in this case.

In this context, we now turn to an analysis of *N.J.S.A.* 34:15–8, which provides in relevant part:

If an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong.

Plaintiff argues that, merely because he and defendant Migliaccio are entitled to receive workers' compensation benefits from the

Borough, they are not necessarily in the "same employ" for the purpose of *N.J.S.A.* 34:15–8. In an abstract sense, that may be so. That is, the Legislature theoretically could have bestowed compensation benefits on a volunteer fireman without making the fireman an employee of the municipality. However, the legislative purpose in passing *N.J.S.A.* 34:15–8 and the wording of *N.J.S.A.* 34:15–43 satisfies us that plaintiff's argument cannot be sustained.

The so-called "fellow servant" rule found in *N.J.S.A.* 34:15–8 was adopted by the Legislature to prevent

> burdening the employer indirectly with common-law damages superimposed upon his workmen's compensation liability by reason of either a legal, moral or practical obligation to indemnify the sued director, officer or supervisory employee, or with the expense of carrying insurance to cover the personal liability of such supervisory personnel.
>
> [*Miller v. Muscarelle,* 67 *N.J.Super.* 305, 321 321, 170 *A.*2d 437 (App.Div.1961), *certif. denied,* 36 *N.J.* 140, 174 *A.*2d 925 (1961) ].

*See also Millison v. E.I. du Pont de Nemours & Co.,* 101 *N.J.* 161, 185, 501 *A.*2d 505 (1985). Therefore, the important issue to be answered in each case where this statutory defense is raised is whether "the entity responsible for plaintiff's workers' compensation benefits and the entity responsible for plaintiff's injuries, albeit indirectly . . ., was the same, i.e. plaintiff's employer." *See Linden v. Solomacha,* 232 *N.J.Super.* 29, 32, 556 *A.*2d 346 (App. Div.1989). Thus, as applied to this case, because the Borough is responsible for plaintiff's workers' compensation benefits, the ultimate question is whether the Borough could also be responsible for plaintiff's personal injuries in the subject law suit resulting from "either a legal, moral or practical obligation to indemnify" Migliaccio. *Miller v. Muscarelle, supra,* 67 *N.J.Super.* at 321, 170 *A.*2d 437. We conclude from our analysis of the facts of this case and the statutory law quoted above that an agency relationship exists between the volunteer firemen and the Borough, and, as such, the Borough would indemnify Migliaccio under ordinary circumstances.

As indicated earlier, the provisions of *N.J.S.A.* 40A:14–68 apply to the Borough because of the ordinance it adopted making the Fire Company the municipal fire department for all intents and

purposes. In such circumstances, the statute provides that Migliaccio, and any other member of his company, is deemed to be under the "supervision and control" of the Borough, and is performing a "governmental function" when he is responding to a fire call. The same concept of "control or supervision" results in Migliaccio being deemed an employee of defendant and, thus, in the same employ as Maggio for compensation purposes.

The judgment under review is affirmed.